UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES KUCHEL,<br><br>   Petitioner,<br><br>   v.<br><br>WARDEN,<br><br>   Respondent. | CAUSE NO.: 3:17-CV-871-PPS-MGG |

OPINION AND ORDER

Charles Kuchel, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 but I will construe it as having been filed under § 2241 because he is challenging the calculation of his sentences. Kuchel was convicted in state court for criminal deviate conduct, criminal recklessness, criminal confinement, and battery under Cause No. SCR 83-47 and for criminal confinement and criminal deviate conduct under Cause No. SCR 83-43. The Warden says that Kuchel's petition should be tossed because he did not exhaust his remedies through the Indiana courts or the Department of Correction and that the Department of Correction correctly calculated Kuchel's projected release date.

Let's start with the exhaustion issue. It is true that Kuchel did not exhaust his administrative remedies, but it is also true that exhaustion is not statutorily required for Section 2241 petitions. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir.1997). "In determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a

federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy*, 503 U.S. at 146. "Administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *Id.* Here, after consideration of the arguments, I find that Kuchel's habeas claim presents an element of immediacy that weighs against requiring him to exhaust administrative remedies at this time.

Kuchel tells me that his current term of incarceration arises from two convictions. On October 19, 1984, the Marshall Superior Court sentenced Kuchel to fifty years of incarceration for Cause No. SCR 83-43. ECF 16-1 at 4. On March 17, 1988, the Marshall Superior Court sentenced Kuchel in Cause No. SCR 83-47 to seventy years of incarceration to be served concurrently with his sentence in Cause No. SCR 83-43. ECF 12-8. The parties agree that Kuchel has completed his sentence for Cause No. SCR 83-43, so that the sentence calculation for that conviction is not contested. However, the parties dispute the Department of Correction's calculation of the projected release date of December 12, 2019, for Cause No. SCR 83-47.

Kuchel argues that he should have been released from custody on October 20, 2009. He bases this date on a Change of Commitment form from the Department of Correction, which indicates that this date is his projected release date for Cause No. SCR 83-47. ECF 16-1 at 3. Candidly, I don't even know what a "Change of Commitment" form even is. Absent any explanation as to how the October 2009 date was calculated, this document is of minimal value to the sentence calculation inquiry,

and it is unclear whether this document bears any legal significance. Without a more robust explanation, I cannot conclude at this point that Kuchel is entitled to habeas relief.

I am equally baffled by the Warden's response. The Warden tells me that Kuchel's projected release date is December 12, 2019. According to the Warden, the methodology to calculate a projected release date is to start with the date of arrest and to assume that, pursuant to Ind. Code § 35-50-6-3, the prisoner receives one day of good time credit for each day of his or her imprisonment. In other words, the projected release date calculation presumes that prisoners will serve only half of their sentences. So far, so good. But when doing the math, something does not add up. The record reflects that Kuchel was first arrested on December 11, 1983. Recall that his combined sentence is seventy years. If I take the Warden's representations at face value – prisoners serve one-half their time – then Kuchel's release date should be December 12, 2018, not December 12, 2019. (December 11, 1983 plus 35 years – half of 70 years – takes us to December 12, 2018). ECF 12-7 at 1-4; ECF 12-8. The Warden does not address this one-year discrepancy, and I can find no explanation in the record.

In sum, the explanations for Kuchel's projected release date are lacking on both sides. Kuchel does not offer any explanation as to why he believes the projected release date from the Change of Commitment form is correct. Likewise, the Warden does not explain the one-year discrepancy between the sentence calculation methodology and the currently operative projected release date. As a result, I defer ruling on the habeas petition and invite the parties to address these issues.

For these reasons, the court ORDERS the parties to file responses to this Order by November 7, 2018.

SO ORDERED on October 11, 2018.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT