UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES KUCHEL, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, <br><br> Respondent. | CAUSE NO.: 3:17-CV-871-PPS-MGG |

<u>OPINION AND ORDER</u>

Charles Kuchel, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2241 to challenge the calculation of his sentences for criminal deviate conduct, criminal recklessness, criminal confinement, and battery under Cause No. SCR 83-47 and for criminal confinement and criminal deviate conduct under Cause No. SCR 83-43. In the petition, Kuchel argued that he should have been released on October 20, 2009, citing a "Change of Commitment" form prepared by the Indiana Department of Correction. However, he did not explain the significance of this document, nor did he explain how the October 2009 date was calculated. The Warden responded that Kuchel's projected release date is December 12, 2019. Though the Warden explained how projected release dates were calculated, this explanation suggested that the projected release date for Kuchel should have been December 12, 2018. Because neither party adequately explained the projected release dates they proposed, I granted them another opportunity to do so.

In Kuchel's supplemental response, he explains that a "Change of Commitment" form is a form used by the Department of Corrections to amend sentences but offers no calculation to explain why he believes the October 2009 release date is correct. Instead, he references a letter from his former attorney, dated February 16, 2018. ECF 19-1 at 1. In this letter, the former attorney states:

> I recall that I did not quit working on your case or withdraw my appearance until I was satisfied that your sentence and the Department of Correction's earliest possible release date were correct. There is nothing that I see in the paperwork that you sent me which makes me doubt whether your sentence or outdate are correct.

*Id.* Notably, this letter does not explain the proposed October 2009 release date, nor does it suggest that the December 2019 release date is incorrect.

In the Warden's supplemental response, he provides a detailed explanation of how Kuchel's expected release date was calculated. ECF 21. He explains that inmates may be disciplined by loss of good time credit or by a classification demotion, which affects the rate at which good time credit is accrued. *See* Ind. Code § 35-50-6-3. He explains that the effect of Kuchel's disciplinary record on his good time credit was omitted from the Warden's initial response and that this omission caused the one-year discrepancy between that explanation and the projected release date of December 12, 2019. After careful review of the sentence calculation records, I find that the Warden fully explains the projected release date of December 12, 2019, and that his calculations are sound. Based on this record, I cannot conclude that Kuchel's projected release date of December 12, 2019, is incorrect. Therefore, Kuchel's petition for habeas relief is denied.

Pursuant to Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this ruling. Therefore, there is no basis for encouraging him to proceed further.

For these reasons, the court:

(1) DENIES the habeas corpus petition;

(2) DENIES Charles Kuchel a certificate of appealability pursuant to Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

ENTERED: November 26, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT